Slip Op. 18-160

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **ZHONGCE RUBBER GROUP COMPANY LIMITED,**<br><br>   Plaintiff,<br><br>v.<br><br>**UNITED STATES,**<br><br>   Defendant. | Before: Jennifer Choe-Groves, Judge<br><br>Court No. 18-00082 |

OPINION

[Granting Defendant's Motion to Dismiss.]

Dated: November 20, 2018

Gregory S. Menegaz, Alexandra H. Salzman, James K. Horgan, and John J. Kenkel, deKieffer & Horgan, PLLC, of Washington, D.C., for Plaintiff Zhongce Rubber Group Company Limited.

Ashley Akers, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States.  With her on the brief were Joseph H. Hunt, Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.  Of counsel on the brief was Brandon J. Custard, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C.

   Choe-Groves, Judge:  Plaintiff Zhongce Rubber Group Company Limited ("Zhongce") brings this action pursuant to 28 U.S.C. § 1581(c) (2012), contesting the application of adverse facts available ("AFA") by the U.S. Department of Commerce ("Commerce") in calculating the rate applied to Zhongce during an administrative review of the countervailing duty order on passenger vehicle and light truck tires from the People's Republic of China.  Plaintiff argues that

Commerce's application of AFA is unsupported by substantial evidence and that the "all others" rate should apply to Zhongce.

Before the court is the Motion to Dismiss filed by Defendant United States. See Def.'s Mot. Dismiss, July 27, 2018, ECF No. 17 ("Def.'s Mot."). Defendant requests that the court dismiss the action for failure to state a claim upon which relief can be granted under USCIT Rule 12(b)(6). See id. at 1. Plaintiff submitted a response in opposition to Defendant's motion. See Resp. Opp'n Mot. Dismiss, Aug. 30, 2018, ECF No. 18 ("Zhongce's Br."). For the following reasons, the court grants Defendant's motion.

## PROCEDURAL HISTORY

Commerce conducted an administrative review of the countervailing duty order on passenger vehicle and light truck tires, concluding that the application of AFA was warranted in selecting a rate for Zhongce. See Countervailing Duty Order on Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China, 83 Fed. Reg. 11,694, 11,694 (Dep't Commerce Mar. 16, 2018) (final results of countervailing duty administrative review; 2014–2015); see also Decision Memorandum for the Final Results of the Administrative Review of the Countervailing Duty Order on Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China; 2014–2015, at 1, C-570-017, (Mar. 9, 2018), available at https://enforcement.trade.gov/frn/summary/prc/2018-05377-1.pdf (last visited Nov. 15, 2018). During the review, Zhongce submitted a no shipment certification on November 14, 2016. Decision Memorandum for the Preliminary Results of the Administrative Review of the Countervailing Duty Order on Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China; 2014–2015 at 25, C-570-017, (Aug. 31, 2017), available at

https://enforcement.trade.gov/frn/summary/prc/2017-18997-1.pdf (last visited Nov. 15, 2018). After Commerce placed U.S. Customs & Border Protection data on the record, Zhongce reported shipping $15,000,000 of in-scope tires during the period of review in response to Commerce's May 31, 2017 questionnaire, rather than zero shipments. Id. Zhongce submitted an explanation for this discrepancy on July 5, 2017, stating that the employee preparing the submission thought Zhongce only had to report sales that were shipped during the period of review. See Compl. ¶ 18, Apr. 18, 2018, ECF No. 7. In actuality, the company had several sales that shipped prior to and entered during the period of review, in addition to sales that both shipped and entered during the period of review. See id. Commerce rejected the explanatory submission as unsolicited and untimely. See id. at ¶ 20. Zhongce initiated this action. See id. This court granted a statutory injunction upon consent on April 18, 2018. See Order Statutory Inj. Consent, Apr. 18, 2018, ECF No. 9.

## ANALYSIS

Defendant moves to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to USCIT Rule 12(b)(6) and 28 U.S.C. § 2637(d). See Def.'s Mot. 1. Defendant argues also that Zhongce was not entitled to a statutory injunction because it failed to follow the procedures for obtaining an injunction, and an injunction is not appropriate because Zhongce failed to exhaust its administrative remedies. See id. at 12–13.

Section 2637(d) provides that the court shall, where appropriate, require the exhaustion of administrative remedies. 28 U.S.C. § 2637(d). The Court of Appeals for the Federal Circuit has stated that the language of section 2637(d) indicates a congressional intent that, absent a strong contrary reason, parties should exhaust their remedies before the pertinent administrative

agencies.  Boomerang Tube LLC v. United States, 856 F.3d 908, 912 (Fed. Cir. 2017) (citation omitted).  Exhaustion allows agencies to apply their expertise, rectify administrative mistakes, and compile records adequate for judicial review—advancing the twin purposes of protecting administrative agency authority and promoting judicial efficiency.  See Carpenter Tech. Corp. v. United States, 30 CIT 1373, 1375, 452 F. Supp. 2d 1344, 1374–1375 (2006).

This Court recognizes certain exceptions to the exhaustion doctrine, including: (1) where raising the claim is futile and (2) where the question is one of pure law and does not require further factual development.  See Qingdao Maycarrier Imp. Exp. Co. v. United States, 37 CIT __, __, 949 F. Supp. 2d 1335, 1345 (2013).  The futility exception is a narrow one that requires a party to demonstrate that exhaustion would require it to go through obviously useless motions in order to preserve its rights.  See Aluminum Extrusion Fair Trade Comm. v. United States, 37 CIT __, ___, 938 F. Supp. 2d 1337, 1341 (2013).  The pure law exception applies when (1) plaintiff raises a new argument; (2) this argument is of a purely legal nature; (3) the inquiry requires neither further agency involvement nor additional fact finding or opening up the record; and (4) the inquiry neither creates undue delay nor causes expenditure of scarce party time and resources.  See Consol. Bearings Co. v. United States, 25 CIT 546, 553–554, 166 F. Supp. 2d 580, 587 (2001).

Commerce's regulations require a challenger to Commerce's countervailing duty determinations to submit a case brief to Commerce that must contain all arguments that the challenger deems relevant to the Secretary's final results, including any arguments presented before the date of publication of the preliminary results.  See 19 C.F.R. § 351.309(c)(2) (2018); see also Corus Staal BV v. United States, 502 F.3d 1370, 1379 (Fed. Cir. 2007).

In this case, Zhongce failed to submit a case brief challenging Commerce's preliminary results, and instead waited to challenge Commerce's decision before this court. Zhongce contends that a full briefing on the merits is necessary before this court can decide whether Zhongce failed to exhaust its administrative remedies, and that the court's consideration of exhaustion at this stage is premature. See Zhongce's Br. 1–2. Zhongce admits that it did not file a case brief when Commerce applied total AFA to Zhongce in the preliminary results. See id. at 5. Because Zhongce failed to follow Commerce's requirements, this court disagrees that a full briefing on the merits is necessary to decide if Zhongce failed to exhaust its administrative remedies.

Zhongce argues that this court should not dismiss for failure to exhaust because the futility exception to the exhaustion doctrine applies. See id. Zhongce contends that because Commerce rejected Zhongce's initial brief as untimely, resubmitting the same facts would have been "an exercise in useless formality." See id. Commerce rejected Zhongce's brief originally because it was unsolicited and untimely pursuant to 19 C.F.R. § 351.302(d). See Rejection of Submission, PD 335, bar code 3593129-01 (July 13, 2017). Commerce's rejection of Zhongce's supplemental brief as untimely and unsolicited does not mean that Commerce would have rejected a brief containing the same arguments after Commerce issued the preliminary results. Commerce's regulations required Zhongce procedurally to submit a case brief with all arguments necessary to the final results. See 19 C.F.R. § 351.309(c)(2). Because the case brief would not have been an obviously useless motion and was required in the administrative proceeding, the court concludes that the futility exception does not apply.

Court No. 18-00082 Page 6

Zhongce contends also that the pure law exception to the exhaustion doctrine applies because the question of whether Commerce can apply AFA to Zhongce can be decided based only on two facts: (1) Zhongce filed a no shipment certification, and (2) Zhongce corrected its submission later.  See Zhongce's Br. 6.  Whether Commerce can apply AFA is a highly factual question based on the record evidence.  Because this decision is not purely legal, the court finds that the pure law exception does not apply.  The court concludes that Plaintiff should have exhausted its administrative remedies prior to filing its action, and this case is dismissed.

Defendant's argument that Zhongce was not entitled to a statutory injunction is moot.

## CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss is granted.  Judgment will be entered accordingly.

    /s/ Jennifer Choe-Groves
    Jennifer Choe-Groves, Judge

Dated:   November 20, 2018
         New York, New York